MATTER OF DUN-RITE KITCHEN CABINET, CORP.

In VISA PETITION Proceedings

A–13191279

*Decided by Regional Commissioner November 16, 1964*

Petition to accord beneficiary first preference classification under section 203 (a)(1), Immigration and Nationality Act, as amended, as a cabinetmaker is denied where the evidence fails to establish beneficiary possesses, as set forth in the clearance order, a minimum of 3 years' requisite experience to fabricate and finish cabinets of custom design; use both hand and machine cabinetmaking tools to cut, fit, glue, join, and assemble fine custom-made cabinets and cabinet parts; work from designs, sketches, and plans; and make own pattern.

This petition, filed February 12, 1964, was denied by our District Director at New York City on September 22, 1964, on a finding that petitioner had failed to establish that the beneficiary has the requisite experience or training to perform or that he can perform the duties specified in the petition and clearance order. The matter is before us on appeal.

The petition seeks first preference immigration quota status for beneficiary as a cabinetmaker. The Bureau of Employment Security clearance order calls for one with a minimum of three years' experience to "fabricate and finish cabinets of custom design. Use hand and machine cabinetmaking tools to cut, fit, glue, join and assemble fine custom-made cabinets and cabinet parts. Must be able to work from designs, sketches and plans, and make own pattern."

Evidence of beneficiary's ability to meet those requirements of the clearance order is limited to two affidavits. One of those, made in Italy on September 17, 1963, by a person who describes himself as a cabinetmaker, states that Francesco Coscia worked for affiant from "earliest years in the capacity of cabinetmaker, furniture maker and designer," and left in September 1960 "because he was emigrating to the Argentine." The other affidavit, dated October 25, 1963, is in the Spanish language, on the stationery of, and signed by, Adolfo Lesnik, manufacturer of all styles and sizes of china cabinets, chests, book cases and store fittings, Cordoba, Argentina, and certifies that

Francesco Coscia "has been working in my manufacturing plant from December 1, 1960, to May 20, 1963, in the capacity of specialized cabinetmaker, executing his work exclusively by hand." These affidavits fall considerably short of establishing beneficiary's ability to perform the specific duties as set out under the job summary of the clearance order in this case.

Beneficiary is a native and citizen of Italy, age 25, married. His wife, also a citizen of Italy, is a lawful permanent resident of the United States, and the couple has one child born in this country on June 9, 1964. On February 4, 1963, during routine search operations, investigators of this Service found this beneficiary employed, in violation of his status as a visitor, as a punch press operator in a plastics factory. He had entered this country at New York, New York, on January 12, 1963. On being granted permission to do so he departed voluntarily for Argentina on February 25, 1963, and again entered the United States on May 14, 1963, at Miami, Florida, as a visitor destined to Long Island, New York. He was married here on July 7, 1963, and is also the beneficiary of an approved petition according him third preference quota status as the husband of a lawful permanent resident. He is presently employed by the petitioner.

In his brief and oral argument on appeal the attorney complains that the petition, filed on February 12, 1964 and supported by the clearance order and the two affidavits described herein, was denied seven months later, solely on a finding that the documentation was deficient without affording the interested parties an opportunity to overcome any items considered inadequate. The attorney also points out that because of this lapse of time the clearance order is about to expire.

From a careful examination of the record in this case we fail to find justification for delaying further action on this petition to afford petitioner an opportunity to attempt to amplify the evidence relating to the beneficiary's past experience as a cabinetmaker. The evidence so far furnished seems to be from the only two persons who employed him in the cabinetmaking field. The affidavit from his employer in Argentina clearly states that beneficiary's work there was executed exclusively by hand. The clearance order calls for a person with experience on machine cabinetmaking tools. The affidavit from beneficiary's Italian employer, being in vague general terms, is considered wholly inadequate to support beneficiary's alleged ability to meet the requirements of the clearance order.

We find, therefore, that petitioner has failed to establish that the beneficiary's past experience meets the requirements of the clearance order. The denial will be affirmed.

*It is ordered* that this appeal be and the same is hereby dismissed.